IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1353 |
| | § | |
| ANA CHRISTINA FERNANDEZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The plaintiff, U.S. Specialty Insurance Company (the "Surety"), moved for summary judgment on its claim against the defendant, Ana Christina Fernandez (the "Indemnitor"). (Docket Entry No. 17). No response has been filed. Based on the motion, the record, and the applicable law, this court grants the motion and enters final judgment. The reasons are set out below.

**I.     Background**

The background facts are taken from the summary judgment evidence submitted. It includes a declaration of Nancy Gomez Tamayo dated March 11, 2014 (Docket Entry No. 17, Ex. A); an Indemnity Agreement executed by Fernandez on March 5, 2008 (*id.*, Ex. A-1); Probate Bond No. 1000-787-067 issued by the surety on the Indemnitor's behalf (*id.*, Ex. A-2); a check numbered 41977 and dated October 17, 2012 (*id.*, Ex. A-3); the Surety's loss statement as of March 11, 2014 (*id.*, Ex. A-4); and a March 11, 2014 affidavit of Gregory M. Weinstein (*id.*, Ex. B).

The record evidence shows that at the Indemnitor's request, the Surety issued a probate bond in connection with the estate of Jose Francisco Ortiz-Vasquez (the "Estate"). The Indemnitor signed the March 5, 2008 Indemnity Agreement, which provided in part as follows: required indemnity prior to issuing any bond. This indemnity requirement was met by the execution of an Indemnity Agreement

by the Indemnitor dated March 5, 2008 (the "Indemnity Agreement"). (Tamayo Dec., ¶ 5; Ex. A-1). The Indemnity Agreement provides as follows:

> The undersigned . . . agree to indemnify and keep indemnified the Company from and against any liability and all costs, charges, suits, damages, counsel fees and expenses of whatever kind or nature which said Company shall at any time sustain or incur, for or by reason, or in consequence of said Company having become surety or entering into such bond or bonds and agree to place the Company in funds to meet any claim or demand before it shall be required to make payment.

(Docket Entry No. 17, Tamayo Decl., ¶ 6, Ex. A-1).

At the Indemnitor's request, the Surety issued a probate bond (the "Bond"), No. 1000-787-067, in the amount of $100,000. The Successor Administrator appointed in the probate court for the Estate asserted a claim against the Bond based on the Indemnitor's conduct while serving as the Estate Administrator. After the Indemnitor failed to submit rebutting documents or information, the Surety and Successor Administrator agreed to a settlement in the total amount of $104,941.58, consisting of $91,890.36 in the claim amount and fees and expenses. This lawsuit followed. The court set a scheduling order, after consulting with the lawyers, that called for cross-motions for summary judgment. The Surety moved for summary judgment, but the Indemnitor neither cross-moved nor responded.

**II. Analysis**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' – that is, pointing out to

the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

The summary judgment evidence shows that all the elements for contractual indemnity have been met. There is a valid indemnity agreement. It obligations the Indemnitor to indemnity the Surety "from and against liability and all costs . . . damages . . . counsel fees and expenses of whatever kind or nature which said Company shall at any time sustain or incur, for or by reason, or

in consequence of said Company having become surety or entering into such bond or bonds and agree to place the Company in funds to meet any claim or demand before it shall be required to make payment." (Docket Entry No. 17, Tamayo Decl., Ex. A-2). The summary judgment evidence, which is undisputed, shows that the Indemnity Agreement granted the Surety the contractual right to settle a claim, without a judicial determination of potential liability. The evidence shows that the claim on the Bond was covered by the Agreement and that the Surety settled the claim. The Indemnitor's failure to reimburse the Surety for the claim on the Bond is, as a matter of law, a breach of the Indemnity Agreement. The Indemnitor is obligated to reimburse the Surety in the amount of $91,890.36.

The Indemnitor is also obligated to reimburse the Surety for attorneys' fees incurred under the Indemnity Agreement. The affidavits of Nancy Tamayo and Gregory M. Weinstein show that through March 11, 2014, the Surety incurred $15,551.22 in fees that were reasonable and necessary for the claim. The records submitted show the work performed, the number of hours, and the hourly rates. The court finds that the rates are reasonable and the time spent and work performed were necessary to pursue the claim.

### III. Conclusion

The Surety's motion for summary judgment is granted. Final judgment ordering the payment of damages in the amount of $91,890.36 and fees in the amount of $15,551.22, plus costs of court and pre- and post-judgment interest.

SIGNED on June 9, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge